UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA MCMILLAN,

    Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC. and
ARBOR PROFESSIONAL
SOLUTIONS INC.,

    Defendants.

**Case Number:**

**Honorable**

_____/

CHAMI LAW, PLLC
Tarek N. Chami (P76407)
16030 Michigan Ave. STE 215
Dearborn, MI 48126
(P): (313) 444-5029
(F): (888) 428-7911
(E): tarek@chamilawpllc.com
Attorney for Plaintiff

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Christina McMillan, ("McMillan"), by and through her attorney, brings this action for damages against Defendants Experian Information Solutions Inc. ("Experian") and Arbor Professional Solutions Inc. ("APS"), (collectively, "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction because this action arises out of violations of federal law. 28 U.S.C. §§ 1331. Jurisdiction is also proper pursuant to 15 U.S.C. 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

2. Venue in the United States District Court for the Eastern District of Michigan is proper because Ms. McMillan resides in this District, Defendants regularly transact business within this District and are otherwise subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

3. Ms. McMillan incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

4. During all time relevant to this Complaint, Ms. McMillan was a resident of Wayne County, State of Michigan.

5. Defendant Experian is a corporation organized under the laws of the State of Texas. Experian can be served with process through its registered agent: The Corporation Company, 40600 Ann Arbor Rd. E STE 201, Plymouth, MI 48170.

6.  Defendant APS is a corporation organized under the laws of the State of Michigan. APS can be served with process through its registered agent: Robert J. Barden, at 2090 South Main St., Ann Arbor, MI 48103.

7.  During all times pertinent to this Complaint, Defendants were authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

8.  Defendants are a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f) of the FCRA. During all times pertinent to this Complaint, Experian and APS regularly furnished consumer reports to third parties for monetary compensation, fees and other dues.

9.  During all times pertinent to this Complaint, Defendants acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

10. Any violations by Defendants as set forth in this Complaint were not in good faith, knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adopted to avoid any such violation.

11. Plaintiff alleges negligent and willful violations of the FCRA against each Defendant.

//

//

## FACTUAL ALLEGATIONS

12. Plaintiff subscribes to Credit Karma, a credit monitoring service.

13. In late 2017, Plaintiff was reviewing her credit reports online with Credit Karma and discovered multiple open collection accounts with Russell Collection Agency ("Russell") and Arbor Professional Solutions, Inc. ("Arbor"), reporting unpaid balances.

14. Plaintiff further discovered that the original creditor for the Arbor accounts was the "City of Riverview." Ms. McMillan has never lived in the City of Riverview, nor does she have any association in Riverview, however, an incorrect address in Riverview is being reported.

15. In or around January 2018, Plaintiff submitted an online dispute through Credit Karma, disputing the accounts and incorrect address with Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("TransUnion").

16. Plaintiff subsequently received a response from TransUnion and Equifax. TransUnion updated her credit report and the accounts and address were fixed. Equifax continued to report the incorrect information.

17. Plaintiff later learned that Defendant Experian was also reporting inaccurate information on her credit report, which prompted her to pull her credit report.

18. On or about May 15, 2018, Plaintiff received a credit report from Defendant Experian and found three (3) Arbor accounts incorrectly reporting on her credit.

19. Plaintiff further discovered an improper Riverview, Michigan address and a variation of her first name, "Christine" that Plaintiff has never used.

20. On or about June 19, 2018, Plaintiff sent a certified letter to Defendant Experian disputing the Arbor collection accounts and the Riverview address.

21. On or about June 19, 2018, Plaintiff sent a certified letter to Equifax disputing the Russell accounts, Arbor accounts, and the Riverview address.

22. On or about July 20, 2018, Plaintiff received a response from Equifax where they updated her credit report and removed the inaccurate collection accounts.

23. On or about July 23, 2018, Ms. McMillan received a response from Experian indicating that the Account was reporting correctly, and the Arbor accounts remained on her report, along with the improper Riverview address.

24. Defendant Experian's actions have caused Ms. McMillan to suffer an injury in fact where Defendant invaded her privacy, maintained and published inaccurate and harmful information about her. At a minimum, Defendants failed to us reasonable procedures to assure maximum possible accuracy.

25. Defendant Experian's actions have caused Ms. McMillan to suffer actual damages, including loss of credit opportunity, denial of credit, increased finance charges, increased insurance premiums, emotional distress, mental anguish, and embarrassment.

//

## COUNT I
## EXPERIAN'S VIOLATION OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*

26. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

27. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(l)(A).

28. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

29. Within the last wo years preceding the filing of this complaint, Plaintiff notified Defendant Experian of an inaccuracy contained in her credit report and asked them to correct the inaccuracy.

30. Defendant Experian failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed.

31. Defendant Experian failed to review and consider all relevant information submitted by Plaintiff.

32. Defendant Experian failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b).

33. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

34. Defendant Experian's violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

35. Plaintiff is entitled to recover statutory damages up to $1,000.00, punitive damages, costs, and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to § 1681n.

//

//

//

## COUNT TWO
## APS'S VIOLATION OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*

36. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

37. The FCRA requires a furnisher such as Defendant APS, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

38. Within the last two years, Defendant APS provided inaccurate information to the credit reporting agencies.

39. Within the past two years, Plaintiff notified all the credit reporting agencies, including Defendant Experian, that their reports concerning Defendant APS was inaccurate. Thereafter, the credit reporting agencies notified Defendant APS that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

40. Defendant APS violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to APS.;

c. Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

e. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all the credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

f. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to the credit reporting agencies;

g. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to the credit reporting agencies; and

h. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

41. Defendant APS's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. McMillan respectfully requests that this Honorable Court enter judgment against Defendants for the following:

Fair Credit Reporting Act Violations

(a) Actual and statutory damages pursuant to 15 U.S.C. § 1681n(a)(1) and § 1681o(a)(1);

(b) Punitive damages as the Court may allow pursuant to 15 U.S.C. §§ 1681n(a)(2);

(c) Costs and reasonable attorney fees pursuant to 15 U.S.C § 1681n(a)(3) and § 1681o(a)(1);

(d) Such other and further relief as this Honorable Court may deem just and proper, including pre-judgment and post-judgment interest.

//

//

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

                                                 Respectfully submitted,

                                                 CHAMI LAW, PLLC

Dated: September 11, 2018           By: /s/ *Tarek N. Chami*
                                                  Tarek N. Chami (P76407)
                                                  16030 Michigan Ave. STE 215
                                                  Dearborn, MI 48126
                                                  (P): (313) 444-5029
                                                  (F): (888) 428-7911
                                                  (E): tarek@chamilawpllc.com
                                                  Attorney for Plaintiff